IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. CR 06-1405 RB |
| ) | |
| JUAN HERRERA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Defendant's Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 706 of the United States Sentencing Guidelines for offenses involving cocaine base, more commonly known as crack cocaine. Having considered the arguments of counsel, relevant law, and being otherwise fully informed, the Court finds that Defendant's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). Hence, this Court lacks jurisdiction to reduce Defendant's sentence, and his motion must be **DENIED**.

**I.   Background.**

On June 27, 2006, Defendant pleaded guilty to an Indictment charging him with one count of conspiracy to distribute less than 50 grams methamphetamine and less than 500 grams of powder cocaine, in violation of 21 U.S.C. § 846.

On September 5, 2007, Defendant was sentenced to a term of 68 months imprisonment. In November 2007, the Sentencing Commission effectively made a two-level reduction in the crack cocaine base level. Defendant moves to reduce his term of imprisonment to 60 months, pursuant to 18 U.S.C. § 3582(c)(2).

## II. Discussion.

This Court is generally prohibited from reducing a sentence of imprisonment after expiration of the time limits set forth in Fed.R.Crim.P. 35. *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1996) (noting that a district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization). However, 18 U.S.C. § 3582(c)(2) provides statutory authorization for this Court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." A reduction in a term of imprisonment, however, is not authorized under 18 U.S.C. § 3582(c)(2) if none of the amendments enumerated in section 1B1.10(c) apply. U.S.S.G. § 1B1.10(a)(2)(A).

A reduction in a defendant's sentence is not authorized, pursuant to § 3582(c)(2), if the applicable guidelines amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B) (Supp. May 1, 2008). Amendment 706 applies to crack cocaine. The offense in this case did not involve crack cocaine. Because Amendment 706 is inapplicable, it does not lower Defendant's applicable guidelines range. For this reason, the Court is without authority under 18 U.S.C. § 3582(c)(2) to reduce or modify the sentence.

## III. Conclusion.

**IT IS HEREBY ORDERED** that Defendant's Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**